# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| _____ : | | |
| HILDA L. SOLIS, Secretary of Labor, | : | |
| United States Department of Labor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| MARC GLASSMAN, INC., doing business | : | |
| As MARC'S, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____: | | |

## **COMPLAINT**

## **I.**

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendant, Marc Glassman, Inc., an Ohio corporation, (hereinafter "Defendant"), from violating the provisions of sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et. seq.) (hereinafter "the Act" or "FLSA"), and to restrain Defendant from any withholding of compensation found by the Court to be due under the Act to employees.

**II.**

Jurisdiction of this action is conferred upon the Court by section 17 of the Act.

**III.**

Defendant, Marc Glassman, Inc. is an Ohio corporation having its main office and place of business at 5841 West 130th Street, Cleveland, Ohio 44130. Defendant at all time hereinafter mentioned maintained the facilities listed in Exhibit A attached hereto. Defendant's facilities were or are within the jurisdiction of the Court. Defendant was engaged at the facilities listed in Exhibit A in the operation of retail stores.

**IV.**

(a)     Defendant is and all times hereinafter mentioned was engaged in related activities performed through unified operations or common control for a common business purpose, and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

(b)     Defendant at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales of not less than $500,000.

**V.**

Defendant violated the provisions of sections 7 and 15(a)(2) of the Act, by employing individuals in the facilities and job classifications identified in Exhibits A and B respectively, who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for work in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

**VI.**

During the period from November 1, 2007 to the present in the facilities and in the job classification listed in Exhibits A and B respectively, Defendant violated the aforesaid provisions of the Act. The Court is authorized by section 17 of the Act to enter a judgment against Defendant which enjoins and restrains such violations at Defendant's facilities and in the job classifications listed in Exhibits A and B, respectively, including the restraint of any withholding of any payment of unpaid compensation found by the Court to be due to present and former employees in the facilities and job classifications listed in Exhibit A and B, respectively.

**WHEREFORE,** Plaintiff prays judgment enjoining and restraining Defendant, its officers, agents, servant, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of sections 7 and 15 of the Act in the facilities and job classifications listed in Exhibits A and B, respectively, and for such other and further relief as may be necessary or appropriate,

including the restraint of any withholding of compensation found by the Court to be due under the Act to employees employed in the facilities and job classifications listed in Exhibits A and B, respectively, plus costs.

Respectfully submitted,


/s/Sandra B. Kramer_____
SANDRA B. KRAMER (0002071)
Sr. Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3876; 522-7172 Fax
E-mail: Kramer.Sandra@dol.gov

OF COUNSEL:

**BENJAMIN T. CHINNI**
Associate Regional Solicitor